UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE MIGUEL QUINONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00077-TWP-MJD |
| | ) |
| GREG HANKS, | ) |
| | ) |
| Respondent. | ) |

## ENTRY AND ORDER DISMISSING ACTION

This matter is before the Court on Petitioner Jose Miguel Quinones' ("Quinones") Amended Petition for writ of habeas corpus (Dkt. 15).

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'") (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the

> evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In the present case, Jose Miguel Quinones seeks a writ of habeas corpus pertaining to a disciplinary proceeding identified as No. ISR 12-07-0046, wherein he was found guilty of attempted escape. Crediting the evidence supporting the hearing officer's findings, on the morning of June 29, 2012, a search of the cell to which Quinones was assigned at the Pendleton Correctional Facility revealed a cut cell bar. When pulled, the cell bar came off in a roughly 1½ foot section. Thereafter, a hearing was conducted on July 16. 2012. Quinones was present at the hearing and made a statement concerning the charge. That statement was considered, along with the other evidence, and Quinones was found guilty.

Using the protections recognized in *Wolff* as an analytical template, Quinones received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Quinones was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued sufficient statements of their findings, and (3) the hearing officer issued a written reason for his decisions and for the sanctions which were imposed. The hearing officer found that Quinones was responsible for the condition of the cell bar, despite having occupied the cell for only a few days, and his remaining argument here does not warrant relief because it would require the Court to re-determine the credibility of the witnesses—a task the Court cannot perform. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *McPherson v.*

*McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Quinones to the relief he seeks. The expanded record refutes Quinones arguments that he was denied the protections afforded by *Wolff* and *Hill*. Accordingly, Mr. Quinones' Amended Petition for a writ of habeas corpus (Dkt. 15) must be **DENIED and the action dismissed.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 06/23/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jose Miguel Quinones, #157540
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
New Castle, Indiana 47362

Kyle Hunter
OFFICE OF THE INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov